**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES COLE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE et al.,**<br><br>**Defendants.** | **Civil Action No. 05-674 (RWR)** |

**MEMORANDUM OPINION**

Plaintiff James Cole filed this suit challenging the scope and speed of the response by the Drug Enforcement Administration ("DEA") to his request for information and records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. After producing additional documents with redactions and identifying other documents that it withheld in whole, the DEA filed a motion for summary judgment that Cole opposes. Because the DEA has complied with the requirements of the FOIA and Cole is not entitled to any more information than that which the DEA has released to him, the DEA's motion for summary judgment will be granted.

BACKGROUND

Cole is a federal prisoner serving a life sentence for drug distribution conspiracy. He asked the DEA in January 2002 for all records referencing his name and all records relating to certain law enforcement investigations. In response, the DEA produced 29 documents, parts of which were redacted. The DEA acknowledged that it had not fully searched its records, though, and demanded payment in advance before conducting any more searches or production. Refusing to grant Cole a fee waiver, the DEA suggested that he make a partial advance payment for a commensurate amount of additional searching, deferring until later a decision on complete searching at more cost. Cole made a partial payment for the express purpose of searching a particular file identified as GFAN-86-9117. Thereafter, despite multiple letters of inquiry, Cole received no additional documents or communication of any kind from the DEA until after he filed this law suit.

In response to this action, the DEA produced a second, third, and fourth set of redacted documents, and identified other documents that were withheld in their entirety. These productions included pages from a file that had earlier been identified as missing, as well as some information that the DEA had previously withheld as exempt from disclosure. All told, the DEA identified a total of 162 pages with responsive information.

Half were released to Cole with redactions and half were withheld in their entirety. The DEA also produced two explanatory declarations and a summary index purporting to identify each segment of information that was withheld and to justify its non-disclosure.

Having concluded that it had produced all information to which Cole was entitled, the DEA filed a motion for summary judgment. Cole opposes the motion, arguing that the DEA has failed to show that its search was reasonably calculated to uncover all responsive documents, that the DEA's unreliable document identification and retrieval system precludes summary judgment, and that the DEA failed to provide explanations sufficient to demonstrate that it had provided Cole with all segments of non-exempt information that could be reasonably segregated from information that was exempt from disclosure.

DISCUSSION

Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is

unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To challenge such a showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

I. ADEQUACY OF THE DEA'S SEARCH

Cole argues that the DEA has not demonstrated either that its document search and retrieval system is adequate or that its search for the GFAN-86-9117 file, which was never located, was reasonable. In the face of a challenge to the adequacy of an agency's search,

> the agency may meet its burden by providing a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials were searched. . . . The plaintiff may then provide countervailing evidence as to the adequacy of the agency's search. . . . If a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate.

Iturralde v. Comptroller of the Currency, 315 F.3d 311, 314 (D.C. Cir. 2003) (internal quotation marks and citations omitted). "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." Id. at 315.

> [T]he standard of reasonableness which we apply to agency search procedures does not require absolute exhaustion of the files; instead, it requires a search reasonably

> calculated to uncover the sought materials. The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Thus, the Department is not required by the Act to account for documents which the requestor has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found; it is not necessary 'to create a document that does not exist in order to satisfy a [FOIA] request.'

Miller v. Dep't of State, 779 F.2d 1378, 1384-85 (8th Cir. 1986) (quoting Yeager v. DEA, 678 F.2d 315, 321 (D.C. Cir. 1982)). "There is no requirement that an agency search every record system. . . . In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). However, "if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order." Weisberg, 627 F.2d at 370.

Declarations by William C. Little, Jr. submitted on behalf of the DEA in this case provide a detailed description of its search for all responsive documents, and for the GFAN-86-9117 file in particular. (See Little Decl., Apr. 26, 2006 ("Little Decl."); Supplemental Little Decl., May 18, 2006 ("Supp. Little Decl.").) Little's first declaration provides a detailed description of the DEA filing system, and states that "[a]ll investigative information about the plaintiff was reasonably

likely to be found in the DEA Investigative Reporting and Filing System (IRFS)" and that "[n]o other system of records maintained by DEA was reasonably likely to contain investigative information about the plaintiff." (Little Decl. ¶ 26.) The declaration explains that IRFS "contains all administrative, general and investigative files compiled by DEA for law enforcement purposes." (Id. ¶ 27.) It also specifies that the DEA's search utilized "[t]he DEA Narcotics and Dangerous Drugs Information System (NADDIS)[, an] index to and the practical means by which the DEA retrieves investigative reports and information from IRFS." (Id. ¶ 29 ("Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth.").) The declaration further explains that "[e]very IRFS file number created within DEA is entered into the CASS [the Case Activity Statistical System]," which "is a statistical and accounting system that provides activity and cost accounting for all files maintained in IRFS." (Id. ¶ 33.)

The declaration provides details of the searches conducted in response to Cole's FOIA request, including the dates of most of the searches, the systems in which the searches were made, search terms used, and search results. In March 2002, the DEA searched IRFS through NADDIS "us[ing] the plaintiff's name, Social Security Number, and date of birth." (Id. ¶ 30.) As a result, fifteen relevant files were identified. Two files were

partially released, one file was missing, and the release of the twelve other files required Cole to pay a fee. (Id.) In August 2005, the file that was missing during the March 2002 search was located at the Federal Records Center in Suitland, Maryland. (Id. ¶ 31.)

The DEA used multiple search approaches to locate the elusive GFAN-86-9117 file. The DEA NADDIS index did not identify a DEA file with the number GFAN-86-9117. (Id. ¶ 32.) Similarly, "[n]o such file number existed in CASS for GFAN-86-9117," even though "[e]very IRFS file number created within DEA is entered into CASS." (Id. ¶ 33; see also Supp. Little Decl. ¶ 10.) Because files designated as GFAN indicate that they are general files created by DEA Operations Management Office, which are usually located at headquarters, the DEA performed a manual search for the GFAN-86-9117 file in the DEA headquarters file room, but found no file. (Little Decl. ¶ 34.) The DEA also confirmed that the GFAN-86-9117 file was not listed among files at the Federal Records Center in Maryland. (Id. ¶ 35.)

In sum, the Little declarations adequately describe and explain the DEA's searches for the requested information, and establish that the DEA searched every reasonably available record system and did so in a reasonable manner. Cole's argument that the DEA did not provide adequate detail of the searches fails in light of the abundant detail provided by the DEA. Cole has not

offered compelling or persuasive evidence that the DEA's search was not reasonably adequate. He assumes that the GFAN-86-9117 file exists based on a single reference to that file in one document produced. However, the single reference to a GFAN-86-9117 file could itself be a faulty reference; it might, for example, contain a typographical error or otherwise not be an accurate reference to any file that ever existed. A reference to a file does not prove the file's existence. (See Supp. Little Decl. ¶ 11 (concluding that the file never existed).) Cole also points to the absence of documentation of the file's destruction. Yet, an inability to document a file's destruction does not prove it was not destroyed. Cole also argues that multiple document releases suggests inadequate search procedures. However, additional releases of documents are not necessarily evidence of inadequate searches, but may indicate "good faith and diligence rather than bad faith and dilatoriness." Miller, 779 F.2d at 1386.

Finally, Cole attempts to draw an inference about the competency of the DEA's document search and retrieval system from the unrelated shortcomings in DEA's incoming mail and communication management. These shortcomings, though, are too tenuously connected to the DEA's document search and retrieval system to support any reasonable conclusion about that system. Thus, because Cole has raised no substantial doubt about the

adequacy or reasonableness of the DEA's document search and retrieval here, the DEA's motion for summary judgment as to the reasonableness of its search will be granted.

II. ADEQUACY OF THE DEA'S EXPLANATION OF EXEMPT MATERIAL

Cole requests an *in camera* review of all 162 pages of documents identified as responsive or, in the alternative, an *in camera* review of the 81 pages of documents withheld in their entirety. Cole argues that an *in camera* review is appropriate because (1) the DEA withheld information without providing adequate information upon which to challenge the nondisclosures, (2) the record as a whole evokes an "uneasiness" about the DEA's judgment that warrants an *in camera* review under Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978), and (3) the number of responsive documents is relatively small.

A challenge to an agency's FOIA exemption assertions requires a *de novo* review of the application of the exemptions. 5 U.S.C. § 552(a)(4)(B). A court "may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions." Id. A decision to conduct an *in camera* review, however, is entirely within a court's discretion, and because "*[i]n camera* inspection requires effort and resources . . . a court should not resort to it routinely on the theory that 'it can't hurt.'" Ray, 587 F.2d at 1195. *In camera* reviews are

unnecessary when an agency affidavit or other showing is reasonably specific and demonstrates that the withheld information is exempt. Id. "It is only where the record is vague or the agency claims too sweeping or suggestive of bad faith that a District Court should conduct an in camera examination to look for segregable non-exempt matter. . . . Where it is clear from the record that an agency has not exempted whole documents merely because they contained some exempt material, it is unnecessary and often unwise for a court to undertake such an examination." Weissman v. CIA, 565 F.2d 692, 698 (D.C. Cir. 1977) (footnote omitted). At the least, "[b]efore the court orders *in camera* inspection, the Government should be given the opportunity to establish by means of testimony or detailed affidavits that the documents are clearly exempt from disclosure." Ray, 587 F.2d at 1193.

An agency's explanation for withholding information under FOIA exemptions must meet two requirements. First, it must "specifically identify[] the reasons why a particular exemption is relevant," and second, it must "correlat[e] those claims with the particular part of a withheld document to which they apply." Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977); see Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973). Furthermore, an agency "must provide a reasonable segregation as to the portions of the document that

are involved in each of its claims for exemption." Ray, 587 F.2d at 1197. "[I]t is important that the affidavit indicate the extent to which each document would be claimed as exempt under each of the exemptions. The courts cannot meaningfully exercise their responsibility under the FOIA unless the government affidavits are as specific as possible." Id. The segregation must be accompanied with sufficient information to allow an adversarial testing of the segregation decision. Vaughn, 484 F.2d at 828.

An *in camera* review is appropriate when something leads the district court to believe "that *in camera* inspection is needed in order to make a responsible *de novo* determination on the claims of exemption." Ray, 587 F.2d at 1195. This may be the case where the affidavit is "insufficiently detailed to permit meaningful review of exemption claims," Quiñon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996), where there is evidence of bad faith on the part of the agency, or where the judge wishes to resolve an uneasiness about the government's "inherent tendency to resist disclosure." Ray, 587 F.2d at 1195. An *in camera* inspection for "segregable non-exempt matter" is appropriate if the agency's justification "merely recit[es] statutory standards," or is either "conclusory," "vague" or "too sweeping." Weissman, 565 F.2d at 698; Mead, 566 F.2d at 261-62; Quiñon, 86 F.3d at 1228.

In this case, the DEA has provided a detailed and systematic index of all redacted information and the 81 withheld pages that specifies (1) the type of document, (2) the exact location of the withheld information in the document, (3) the applicable FOIA exemptions for all withheld information, and (4) a brief description of the withheld information, along with Little's declaration, which provides the DEA's general justification for invoking each exemption and for entirely withholding certain pages. The DEA's index is very specific about which exemption applies to each particular withholding. The index pinpoints the exact block, paragraph, or heading under which the exempt information is located and states each exemption that corresponds to that exact segment of withheld information. The index also describes the nature of the information withheld.

In one instance, the information provided in the DEA's index raised a question about whether the amount of redacted material was excessive in light of the exemption cited. Accordingly, an *in camera* inspection was undertaken of the unredacted version of page 29 of the documents released to Cole. See Order, July 3, 2006. This review revealed that the DEA's index identifying "names of law enforcement personnel" was not sufficiently descriptive of the material withheld. The DEA has resolved this problem by producing to Cole a new version of page 29 with fewer redactions and a corresponding corrected index that now fully

describes and justifies all information redacted from page 29. (See Def.'s Notice of Correction, Sept. 7, 2006.)

Because of this one detected discrepancy, in an abundance of caution, a second *in camera* inspection of an additional 46 pages was conducted. See Order, July 14, 2006. That review afforded convincing evidence that the DEA has complied with the requirements to segregate information that is subject to disclosure, has adequately described the information withheld, and has properly justified its withholdings on the basis of statutory exemptions.

As now corrected, the DEA's index and Little declarations satisfy the legal requirements imposed by Vaughn and Mead and their progeny. The DEA has provided Cole with the information to which he is entitled, an adequate description of the nature of the information to which he is not entitled, and the statutory justifications for withholding the information not disclosed.

CONCLUSION

The DEA's declarations demonstrate that its search for the GFAN-86-9117 file was a reasonably adequate search. The DEA's declarations and its index together provide sufficient explanation of the withheld information and the justifications for withholding the information. The *in camera* review conducted affords additional substantial basis for concluding that the DEA has provided Cole with the information to which he is entitled

under the FOIA and Privacy Acts. Accordingly, the DEA's motion for summary judgment will be granted.

A final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 27th day of September, 2006.

/s/
RICHARD W. ROBERTS
United States District Judge